## Pearl St. Co-Invest I, LLC v MapR (ABC) LLC

2023 NY Slip Op 34554(U)

December 28, 2023

Supreme Court, New York County

Docket Number: Index No. 654461/2020

Judge: Joel M. Cohen

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 03M

---------------------------------------------------------------------------------X

PEARL STREET CO-INVEST I, LLC,ARENA INVESTORS LP,

|  | **INDEX NO.** | 654461/2020 |
|---|---|---|

Plaintiffs,

|  | **MOTION DATE** | 07/15/2023, 08/28/2023 |
|---|---|---|

- v -

MAPR (ABC) LLC,ARMANINO LLP, and ANDREW HYDE,

|  | **MOTION SEQ. NO.** | 006 007 |
|---|---|---|

Defendants.

**DECISION + ORDER ON MOTION**

---------------------------------------------------------------------------------X

HON. JOEL M. COHEN:

The following e-filed documents, listed by NYSCEF document number (Motion 006) 359, 360, 361 were read on this motion to                                      SEAL                                      .

The following e-filed documents, listed by NYSCEF document number (Motion 007) 366, 367, 368, 369 were read on this motion to                                      SEAL                                      .

The parties seek orders sealing and/or redacting exhibits and documents that were filed in connection with this proceeding.  Specifically, plaintiffs Pearl Street Co-Invest I, LLC ("Pearl Street") and Arena Investors LP ("Arena") (together, "Plaintiffs") seek sealing and/or redaction of the documents filed as NYSCEF Document Numbers 279, 282, 283, 284, 285, 286, 287, 288, 289, 290, 291, 292, 293, 294, 295, 296, 297, 298, 299, 300, 301, 302, 303, 304, 305, 306, 307, 308, 309, 310, 311, 312, 313, 314, 316, 317, 318, 320, 321, 322, 323, 324, 325, 326, 327, 328, 329, 330, 331, 332, 333, 334, 335, 336, 337, 338, 339, 340, 341, 342, 343, 344, 345, 346, 347, 348, 349, 350, 351, 352, 353, 354, 355, 356, 357, 358, 362, and 363 in connection with Motion Sequence 006.  Defendants MapR (ABC) LLC ("MapR ABC"), Armanino LLP ("Armanino"), and Andrew Hyde (together, "Defendants") seek redaction of the documents filed as NYSCEF Document Numbers 364 and 365 in connection with Motion Sequence 007.  For the following

**654461/2020   PEARL STREET CO-INVEST I, LLC vs. MAPR (ABC) LLC**
**Motion No.  006 007**

Page 1 of 5

[* 1]

reason's, Plaintiff's motion (MS 006) is **granted in part** and **denied in part** without prejudice, and Defendants' motion (MS 007) is **granted**.

Pursuant to § 216.1 (a) of the Uniform Rules for Trial Courts, this Court may seal a filing "upon a written finding of good cause, which shall specify the grounds thereof. In determining whether good cause has been shown, the court shall consider the interests of the public as well as of the parties" (22 NYCRR § 216.1 [a]).

The Appellate Division has emphasized that "there is a broad presumption that the public is entitled to access to judicial proceedings and court records" (*Mosallem v Berenson*, 76 AD3d 345, 348 [1st Dept 2010]). "Since the right [of public access to court proceedings] is of constitutional dimension, any order denying access must be *narrowly tailored to serve compelling objectives*, such as a need for secrecy that outweighs the public's right to access" (*Danco Labs., Ltd. v Chemical Works of Gedeon Richter, Ltd.*, 274 AD2d 1, 6 [1st Dept 2000] [emphasis added]; *see also, e.g. Gryphon Dom. VI, LLC v APP Intern. Fin. Co., B.V.*, 28 AD3d 322, 324 [1st Dept 2006]). "Furthermore, because confidentiality is the exception and not the rule, 'the party seeking to seal court records has the burden to demonstrate compelling circumstances to justify restricting public access'" (*Maxim, Inc. v Feifer*, 145 AD3d 516, 517 [1st Dept 2016] [citations omitted]).

The Court has reviewed the parties' proposed sealing of the documents filed as NYSCEF Document Number 326, as well as the targeted redactions the proposed in the documents filed as NYSCEF Document Numbers 279, 321, 328, 329, 352, 355, 358, 363, 364, and 365, and finds that they comport with the applicable sealing standard as laid out in *Mosallem*, 76 AD3d at 348-350, and its progeny, in that they contain sensitive and confidential business and financial information. Further, these Exhibits are properly sealed and/or redacted to the extent they

contain nonpublic information about confidential contracts or agreements with non-parties to this instant case (*Mancheski v Gabelli Grp. Capital Partners*, 39 AD3d 499, 502 [2d Dept 2007] ["[D]isclosure could impinge on the privacy rights of third parties who clearly are not litigants herein[.]"]).

However, Plaintiffs' generalized assertions of good cause for the remaining Exhibits filed as NYSCEF Document Numbers 320, 322, 323, 324, 325, 327, 330, 331, 332, 333, 334, 336, 337, 338, 339, 340, 341, 342, 343, 344, 345, 346, 347, 348, 349, 350, 351, 353, 354, and 356 do not establish a compelling justification for the complete sealing that is proposed. While *portions* of these documents may include confidential business and financial information, the proposed sealing is not adequately explained or justified. Thus, Plaintiffs should propose and justify targeted redactions that satisfy the requirements of 22 NYCRR § 216 [a] and applicable case law.

Any subsequent motion seeking to address the above concerns should adhere to this Part's Sealing Practices and Procedures (*see* https://www.nycourts.gov/LegacyPDFS/courts/comdiv/NY/PDFs/part3-sealing-practices.pdf), including the requirement to submit an affidavit based on personal knowledge attesting to the factual bases for redaction and a spreadsheet setting forth a non-conclusory good faith basis for each proposed redaction.

Accordingly, it is

**ORDERED** that Plaintiffs' motion to seal/redact (MS 006) is **granted in part** insofar as it seeks to seal the documents filed as NYSCEF Document Number 279, 321, 326, 328, 329, 352, 355, 358, and 363, and insofar as it seeks to redact the documents filed as NYSCEF Document Numbers 280, 283, 290, 291, 313, 317, 335, 357, and 362; and is otherwise **denied**,

654461/2020 PEARL STREET CO-INVEST I, LLC vs. MAPR (ABC) LLC Page 3 of 5
Motion No. 006 007

3 of 5

[* 3]

without prejudice to filing a new motion within 21 days to redact confidential portions of the remaining Exhibits consistent with this Decision and Order and applicable case law; it is further

**ORDERED** that Defendants' motion to seal/redact (MS 007) is **granted** insofar as it seeks to redact portions of the documents filed as NYSCEF Document Numbers 364 and 365; it is further

**ORDERED** that the County Clerk shall maintain the documents filed as NYSCEF Document Numbers 279, 321, 326, 328, 329, 352, 355, 358, 363, 364, and 365 under seal, so that the documents may be accessible by the parties, their counsel, and authorized court personnel; it is further

**ORDERED** that the documents filed as NYSCEF Document Numbers 280, 283, 290, 291, 313, 335, 357, and 362 shall remain on the public docket in redacted form; it is further

**ORDERED** that Defendants shall upload redacted copies of the documents filed as NYSCEF Document Numbers 364 and 365 to NYSCEF, and Plaintiffs shall upload a redacted copy of the document filed as NYSCEF Document Number 317, each in connection with the proper Motion Sequence number; it is further

**ORDERED** that the documents filed as NYSCEF Document Numbers 320, 322, 323, 324, 325, 327, 330, 331, 332, 333, 334, 336, 337, 338, 339, 340, 341, 342, 343, 344, 345, 346, 347, 348, 349, 350, 351, 353, 354, and 356 shall remain provisionally sealed for 21 days from the date of the Court's entry of this Decision and Order on NYSCEF. If any party files a new motion to seal or redact confidential portions of the documents consistent with this Decision and Order within that 21-day period, the documents shall remain provisionally sealed pending resolution of that motion. If no such motion is filed within 21 days from the entry of this Decision and Order, the parties shall alert the County Clerk that the motion to seal the above-

654461/2020   PEARL STREET CO-INVEST I, LLC vs. MAPR (ABC) LLC
Motion No. 006 007

Page 4 of 5

4 of 5

referenced documents has been denied by the Court and that the documents should be unsealed on NYSCEF; it is further

**ORDERED** that, as it relates to future submissions that contain subject matter that the court has authorized to be sealed by this Decision and Order which are made by any party, **the parties may file a joint stipulation, to be So Ordered, which will authorize the filing of such future submissions to be filed in sealed and/or redacted form on NYSCEF**, provided that an unredacted copy of any document is contemporaneously filed with a request to seal.

This constitutes the Decision and Order of the Court.

20231228124050JMCOHEN8AAAA41C848D4FF397EC0AA80A41A1F

_____
**12/28/2023**
**DATE**

_____
**JOEL M. COHEN, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**654461/2020   PEARL STREET CO-INVEST I, LLC vs. MAPR (ABC) LLC**
**Motion No.  006 007**

Page 5 of 5

5 of 5